FILED
2010 May-07 AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CONSOLIDATED POWER SUPPLY**, a wholly owned division of **CONSOLIDATED PIPE & SUPPLY CO., INC.** ] ] ] ] ] | |
| Plaintiff, ] | CV-09-BE-2496-S |
| ] | |
| v. ] | |
| ] | |
| **VALBRUNA STAINLESS, INC.,** ] | |
| Defendant ] | |

## MEMORANDUM OPINION

This matter comes before the court on "Defendant Valbruna Stainless, Inc.'s Motion to Dismiss" (doc. 10) asserting lack of personal jurisdiction; this court's "Show Cause Order" (doc. 14) to which Plaintiff Consolidated Power Supply responded (doc. 16), and VSI replied (doc. 19); and "Consolidated Power Supply's Motion to Strike or, in the Alternative, Motion for Leave to file a Sur-Reply" (doc. 20). For the reasons stated in this Memorandum Opinion, the court finds that VSI's motion to dismiss pursuant to Rule 12(b)(2) and Consolidated's motion to strike are both due to be DENIED.

## I. PROCEDURAL BACKGROUND

On December 11, 2009, the Plaintiff, Consolidated Power Supply, filed a Complaint (doc. 1) against Valbruna Stainless, Inc. ("VSI"), asserting claims for breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of

1

implied warranty of merchantability.  VSI filed a motion to dismiss (doc. 10) with supporting brief (doc. 11) and affidavits (docs. 12 & 13), asserting that this court lacked personal jurisdiction over it.  The court then entered a Show Cause Order (doc. 14), requiring Consolidated to show cause in writing why the motion should not be granted for lack of personal jurisdiction over the Defendant.  The Order did not provide for a reply.  After Consolidated responded with a brief (doc. 16) and supporting affidavit (doc. 17), Consolidated also filed an Amended Complaint (doc. 18) containing additional allegations regarding VSI's alleged minimum contacts with the State of Alabama.  VSI filed a reply (doc. 19) to Consolidated's response without first obtaining leave of court.  Consolidated then filed a motion to strike, or in the alternative, motion for leave to file a sur-reply. (doc. 20).  VSI filed a response to the motion to strike, requesting that its reply not be stricken, but stating that it did not oppose Consolidated's request to file a sur-reply.

Two days after Consolidated filed this lawsuit, VSI filed a "duplicate" suit against Consolidated in federal court in Indiana involving the same parties, issues, and transactions. Consolidated filed a motion to stay in the Indiana suit, requesting that the federal court sitting in Indiana stay the second-filed suit until this court ruled upon VSI's motion to dismiss in the instant suit.  The federal court sitting in Indiana granted the motion to stay and awaits this court's decision.

## II.  FACTS

Plaintiff Consolidated, a stocking distributor for the nuclear power industry, is an Alabama corporation with its principal place of business in Birmingham, Alabama.  It is also a registered foreign corporation with the Indiana Secretary of State and is authorized to conduct

business in the State of Indiana.

Defendant VSI is a Delaware corporation with its principal place of business in Fort Wayne, Indiana. VSI sells steel products manufactured by two other corporations: Valbruna Slater Stainless, Inc. ("VSSI"), a Delaware corporation with its principal place of business in Fort Wayne whose manufacturing facility is also located in Fort Wayne; and Acciaierie Valbruna, an Italian corporation whose manufacturing facility is located in Italy. Although VSI has stocking and sales facilities in several states in the United States, it has none located in Alabama. VSI does not conduct cold calls in Alabama, own land in Alabama, or have any agents in Alabama. Although it had sent sales representatives to Alabama in the past, it has not done so in the past two years, determining that "the marketing in Alabama is primarily for commodity type items that are not very profitable." (doc. 12, at 2 ¶ 10).

However, Birmingham-based Consolidated has been VSI's customer for 10 years. In the last 5 years, Consolidated has placed over 300 purchase orders with VSI and has paid VSI more than $2.4 million for its products. Consolidated's method of purchasing VSI products is to fax or email purchase orders to VSI's facilities in Texas or Georgia. Although VSI states that it does not advertise in Alabama, its employee, David Tripson, does send emails to multiple Consolidated employees in Birmingham, Alabama, providing information about VSI's current stock. In addition to one holiday email conveying season's greetings, Tripson sent at least eight such emails between December 2004 and June 2009, sometimes simply attaching lists of current stock and other times also including a line thanking Consolidated for its business and/or inviting Consolidated to call about its next requirement. Tripson and another VSI employee, Danny Bozart, have called employees at Consolidated's Birmingham office on the phone to discuss VSI

products and have personally visited Consolidated's office to make sales calls and discuss VSI business matters.  On at least one occasion, the VSI representatives left two brochures with Consolidated's sales personnel during their sales call to the Birmingham office, but the date of the sales call is unclear.  On at least one occasion, Tripson and Bozart have also traveled to Birmingham to take out Consolidated employees for drinks and dinner, and Tripson has played in an Alabama golf tournament, but the record does not reflect the date of the visit or visits.  Because Consolidated does not contradict VSI's statement that none of its agents has visited the State of Alabama in the last two years – except for visit(s) after the dispute arose made the basis of this suit – the court must assume that these previous visits to Alabama did not occur in the last two years.

      This case stems from four purchase orders for steel bars that Consolidated placed with VSI in 2008.   Consolidated initiated the contact for the purchase of the steel bars made the basis of this suit, and the parties engaged in a series of discussions about the sale, but no agent of VSI traveled to Alabama during the discussion process.  VSI faxed a quotation for the material to Consolidated's office in Birmingham.  Ultimately, Consolidated faxed the purchase orders to VSI's stocking and sales facility in Texas.   Upon receipt of the purchase orders, Bozart from VSI and Mathias from Consolidated's Birmingham office, along with another Consolidated employee, engaged in a telephone conference to finalize terms of the purchase.  The bars in question were manufactured in both Fort Wayne and Italy.  The purchase orders provided for the bars to be shipped "F.O.B shipping point," and were shipped from Fort Wayne and Italy to Alabama.  After a dispute arose over some of the bars, two representatives of VSI visited Consolidated's offices in Birmingham in August of 2009 to meet with Consolidated personnel

and discuss the problems with the bars in question. In late September of 2009, VSI arranged to pick up this material in Birmingham, sending a truck to Birmingham and paying to transport the bars from Alabama.

### III. LEGAL STANDARD

A Rule 12(b)(2) motion attacks the court's jurisdiction over the defendant's person. In determining whether personal jurisdiction exists, a federal court sitting in diversity undertakes a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "The plaintiff bears the burden of establishing personal jurisdiction over the defendant [but] 'need only make a prima facie showing.'" *S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)). The court must accept the allegations in the complaint as true. *Id.* "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Mazer*, 556 F.3d at 1274 (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). If "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

### IV.  DISCUSSION

#### A.  Consolidated's Motion to Strike VSI's Reply

Upon receipt of VSI's motion to dismiss that initially raised substantial concern about

5

personal jurisdiction, this court entered a Show Cause Order directing Consolidated show cause in writing why this cause should not be dismissed for lack of personal jurisdiction over VSI. After Consolidated filed a timely response, VSI filed a reply without asking for permission to do so, even though the Order did not provide for a reply.  The court notes that if it had desired a reply, it would have invited VSI to file one.  Further, given the fact that its Order did not provide for a reply, the better practice would have been for VSI to request leave of court to file a reply before it did so, and VSI would do well to keep that advice in mind as this matter proceeds.  In any case, the court has read and considered VSI reply, and will DENY Consolidated's motion to strike.  However, VSI should not expect such grace in the future.  In light of this ruling, the court acknowledges Consolidated's quite understandable request to file a corresponding sur-reply. However, given the court's decision to DENY VSI's motion to dismiss, discussed below, the court expects that Consolidated would agree any sur-reply was unnecessary.

### B. Personal Jurisdiction over VSI

In the instant case, VSI challenges this court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2).  As previously stated, "[a] federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Consolidated acknowledges that Alabama's long-arm provision "authorizes the assertion of personal jurisdiction to the limits of the United States Constitution," *Browning Enter., Inv. v. Rex Iron & Mach. Prods. Co., Inc.,* 504 F. Supp. 2d 1217, 1220 (N.D. Ala. 2007), and thus, the two inquiries

merge into a focus upon whether exercising jurisdiction over VSI would comport with the Due Process Clause.

The Due Process Clause requires "'that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985). Accordingly, this court sitting in Alabama may exercise jurisdiction only over a defendant who has established "'certain minimum contacts with [Alabama] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984) (alteration added) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both parties agree that this case involves the concept of specific jurisdiction, i.e., jurisdiction "arising out of or related to the defendant's contacts with the form." *Helicopteros*, 466 U.S. at 414 n. 8. Where that concept is invoked, "a defendant's contacts with the forum state must satisfy three criteria: they 'must be related to the plaintiff's cause of action or have given rise to it;' they must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum;' and they 'must be such that the defendant should reasonably anticipate being haled into court there.'" *Sloss Inds. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (quoting *McGow v. Curry*, 412 F.3d 1207, 1214 (11th Cir. 2005)).

Because a minimum contacts analysis is "immune to solution by checklist," *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 499 (5th Cir. 1974), the court will address this fact-sensitive issue by examining VSI's contacts with the State of Alabama "both quantitatively and qualitatively." *Sloss*, 488 F.3d at 926. To ensure that the "defendant will not be subject to jurisdiction based solely on 'random, fortuitous, or attenuated contacts' . . . [t]he focus must

7

always be on the *nonresident defendant's* conduct, that is, whether the defendant deliberately engaged in significant activities within the state or created continuing obligations with residents of the forum." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d at 1249, 1268 (11th Cir. 2010) (emphasis in original) (quoting *Burger King*, 471 U.S. at 475)).

In the instant case, as noted previously, VSI is a foreign corporation that does not have offices, agents, or employees in Alabama, and owns no Alabama real estate. It claims that it does not currently actively seek business in Alabama, and no agent of VSI has visited Alabama in the last two years except to meet with Consolidated personnel about the dispute made the basis of this lawsuit. However, VSI's relationship with Birmingham-based Consolidated is significant, enduring ten years and involving – in the last five years – over 336 separate purchases from Consolidated totaling over 2.4 million dollars. Although VSI argues that the set of purchases in 2008 made the basis of this suit was unsolicited, that argument ignores VSI's solicitation of Consolidated's business through emails sent directly to multiple Consolidated employees. For example, during the year before the purchases in question, VSI had sent three emails to Consolidated personnel, attaching lists of stock, and two of those emails specifically requested that Consolidated call VSI for its next requirements. In addition, the evidence reflects that VSI had actively solicited Consolidated's business in the past, sending sales representatives to Birmingham where they took Consolidated personnel out for dinner and drinks and left sales brochures. One VSI representative even played in the company golf tournament in Alabama.

Although VSI does not deny this solicitation activity in Alabama occurred, it emphasizes that none of this activity took place in the last two years. However, the court does not accept VSI's assumption that any of its solicitation activity in Birmingham occurring more than two

years ago would be so remote that VSI could not reasonably be expected to be haled into an Alabama court. For example, solicitation activity occurring three years ago, in 2007, would have occurred shortly before the purchase of the bars made the basis of this suit and would certainly not constitute remote activity in relation to this lawsuit. In light of the significant, long-standing relationship between VSI and its Birmingham-based customer, coupled with solicitation activity that included emails specifically directed to Birmingham personnel and trips to Alabama by VSI personnel, the court FINDS that VSI's contacts with Alabama are related to Consolidated's suit against it, involve acts by which VSI purposefully availed itself of the privilege of conducting activities within Alabama, and are of the nature that VSI should reasonably expect to be haled into court in Alabama.

VSI disagrees, arguing that the Eleventh Circuit's case of *Banton Inds. v. Dimatic Die Tool*, 801 F.2d 1283 (11th Cir. 1986) militates against a finding that VSI's contacts with Alabama comport with the Due Process Clause requirements. In *Banton*, the Eleventh Circuit affirmed the district court's dismissal of the case for lack of personal jurisdiction over a manufacturer "whose sole contact with the forum state was an [unsolicited] out-of-state sale of goods to a resident of the forum state." *Id.* at 1284. Similarly, in the recent *Diamond Crystal Brands* case, the Eleventh Circuit reaffirmed as well-settled law "that entering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test." *Diamond Crystal Brands*, 593 F.3d at 1268. However, the *in personam* jurisdiction over VSI in the instant case does not rest solely on a contractual sale of goods to an Alabama resident. It does not even rest solely upon a ten-year relationship with an Alabama customer involving multiple sales totaling millions of dollars. Unlike the company objecting to jurisdiction in the

*Banton* case, who never sent a representative to the forum state, VSI has sent its representatives to Alabama – and to Consolidated in particular – to solicit business and was soliciting business via direct email to this Alabama-based company within the year that suit was filed. The court finds the *Banton* case to involve distinguishable facts, and does not agree that it dictates a dismissal in this case.

Accordingly, the court FINDS that the exercise of jurisdiction over VSI in this matter would not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and thus, is also appropriate under Alabama's long-arm statute. Therefore, the court FINDS that VSI's motion to dismiss pursuant to Rule 12(b)(2) is due to be DENIED.

### V.  CONCLUSION

In sum, for the reasons stated above, the court FINDS that Consolidated's motion to strike is due to be DENIED, and VSI's motion to dismiss pursuant to Rule 12(b)(2) is due to be DENIED. Contemporaneously with this Memorandum Opinion, the court will enter a separate Order.

Dated this 7th day of May, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE